■ BRIAN BERGER, Respondent, v CANTOR FITZGERALD, INC., et al., Appellants. [658 NYS2d 591] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 1, 1996, which, *inter alia*, denied defendants' motions to compel arbitra-

tion, unanimously modified, on the law, to compel arbitration of plaintiff's claims for negligent and intentional infliction of emotional distress, and to sever and stay his remaining causes of action, and otherwise affirmed, without costs.

Plaintiff's claims for slander do not involve "significant aspects" of his employment or defendants' business activities, since the alleged statements do not depend upon an evaluation of plaintiff's job performance as a broker's assistant, and are therefore not arbitrable under the parties' arbitration agreement (*see*, *Singer v Jefferies & Co.*, 78 NY2d 76, 83; *Fleck v E.F. Hutton Group*, 891 F2d 1047, 1053 [2d Cir]). However, plaintiff's claims for intentional and negligent infliction of emotional distress are based, in part, on defendants' alleged retaliation against plaintiff by terminating his employment on pretextual grounds of lateness and poor performance, and are therefore arbitrable under the agreement. Accordingly, plaintiff's claims for defamation are severed and stayed until his other claims are arbitrated (*see*, National Association of Securities Dealers Code of Arbitration Procedure, Rule 10106; *Fleck v E.F. Hutton Group, supra; Morgan v Smith Barney, Harris Upham & Co.*, 729 F2d 1163, 1168). Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Mazzarelli, JJ.